FILED
2009 Mar-02 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA SMITH, et al., and the Class They Seek to Represent Represent,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES STEEL CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO:<br>2:05-CV-01359-VEH |

### MEMORANDUM OPINION APPROVING
### CLASS ACTION SETTLEMENT
### AND SUPPORTING FINAL ORDER AND JUDGMENT

Pending before the court is the parties' Joint Motion for Final Approval of Class Action Settlement (Doc. 59) (the "Joint Motion") filed on February 13, 2009. The parties also jointly filed, on February 13, 2009, their supporting brief and exhibits. (Doc. 60).

The court held a Fairness Hearing on February 20, 2009, after due process notice to all class members, to determine: (a) whether this action should remain certified as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (b) whether the Class Action Settlement Agreement (hereinafter referred to as the "Agreement" or "Settlement") is fair, reasonable, just and adequate and should be finally approved; (c) the appropriateness of any objections of any affected persons as to the approval of the Agreement and all matters related thereto; (d) whether final judgment should be entered thereon pursuant to the terms of the Agreement; and (e) to rule on all other matters related to or impacted by the

Agreement.

The Court preliminarily approved the proposed settlement between the plaintiffs and the defendant by Order (Doc. 55) entered on December 4, 2008, and directed notice to the settlement class of the status of the pendency of this class action and the terms of the proposed settlement, the manner of submitting objections, the manner of submitting requests for exclusion, the manner of submitting claims, and the date of the Fairness Hearing. The terms and definitions used in the Agreement are incorporated herein by reference and are adopted for use herein.

The Court has fully evaluated the terms of the Agreement between Plaintiffs Linda Smith, Heather McGuffie, Arleen Thomas, Christy Warren, Angela Farmer, Jamie Allen, Teresa Davis, Lucie Johnson, Ginger Beasley, Annette Pack, Odora Beckwood, Phyllis Andrews, and Ann Shaw as Class Representatives ("Plaintiffs"), and Defendant United States Steel Corporation ("USS"), reviewed all pleadings, relevant briefs and other papers in this matter, considered the report (Doc. 58) and supplemental report (Doc. 61) provided by the claims administrator, including the lack of any objections to the Agreement and the lack of any notices requesting to be heard at the Fairness Hearing (Doc. 58 at Collis Declr. ¶ 12; Doc. 61 at Collis Declr. ¶ 12), heard arguments from counsel presented at the Fairness Hearing, and deliberated over the totality of the circumstances surrounding the Settlement. Based upon the foregoing, the Court hereby concludes that the parties' Joint Motion is due to be granted and enters final judgment approving the class action settlement as follows:

**FINDINGS**

1.    This Court has subject matter jurisdiction over the claims at issue in this action, as well as *in personam* jurisdiction over the named parties and the class members.

2.    The Court's Order entered on December 4, 2008, preliminarily approving the class action settlement was appropriate and warranted under the circumstances.

3.    The Court finds and determines that the settlement class is defined by paragraph II 6 of the Agreement and should be and hereby remains certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

4.    The claims of the named plaintiffs are typical of the claims of the class against USS in that they arose out of the same alleged pattern of conduct which allegedly injured the class.

5.    The named plaintiffs are adequate class representatives whose interests are consistent with the interests of the class members.  Through counsel and individually, the named plaintiffs have vigorously represented the class.

6.    Robert F. Childs, Jr., and Jon Goldfarb and the law firm Wiggins, Childs, Quinn & Pantazis, LLC, as class counsel have acted appropriately and have vigorously pursued the interests of the class.  They have engaged in extensive discovery on behalf of the named plaintiffs and the class members, addressed numerous legal issues, retained and utilized well-qualified experts and compiled evidence in a professional and organized fashion.

7.    Class counsel have a wide range of experience with respect to complex

and class action litigation. Class counsel have demonstrated their familiarity with the claims and facts of this case and have negotiated, at arms length, a fair, adequate and reasonable settlement with USS. The Court finds that the adequacy of representation requirements of Rule 23(a)(4) have been satisfied.

8.  The settlement class is numerous, consisting of in excess of 500 members (Doc. 58 at Collis Declr. ¶ 9; ; Doc. 61 at Collis Declr. ¶ 9), such that the numerousity requirements of Rule 23(a)(1) are satisfied.

9.  Common issues have been alleged by the plaintiffs and they predominate both in terms of the common core facts alleged relating to the plaintiffs' assertion that USS's heavy industrial experience requirement has a disparate impact on females in the hiring process at USS's Fairfield Works and the legal claims which have been asserted by plaintiffs. These issues of law and fact are typical and common to the class.

10. The case is manageable with certification of the clearly defined settlement class consisting of all females: (1) who applied via RTI's USS website for employment as a Utility Person or Utility Technician at USS's Fairfield Works from March 3, 2004 to February 29, 2008; (2) who did not voluntarily withdraw that application; (3) who subsequent to making that application were not hired or offered employment by USS at USS's Fairfield Works as a Utility Person or Utility Technician; (4) who have been legally authorized to work in the United States at all times since making that application; (5) who have been ready, willing and able to work at all times since making that application; (6) who at the time of making that application had one year of industrial experience as described in the Claim Form

attached as Exhibit 1 to the Agreement; (7) who have not filed for bankruptcy since making that application; and (8) who have not been in prison and unable to work since making that application.

11.    Notice to the settlement class was constitutionally adequate, both in terms of its substance and in the manner in which it was disseminated. The individual notice contained all of the essential elements necessary to satisfy any due process concerns, including the class definition, the identities of the parties, the terms of the proposed settlement, and information regarding the manner in which objections could be submitted and requests for exclusion could be filed. The notice properly informed settlement class members of the distribution of benefits under the Settlement. The Court-Approved Notice also informed settlement class members of the date and location of the Fairness Hearing on the Settlement. The contents of the notice, therefore, satisfied all requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

12.    The manner in which the notice was disseminated satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Individual notice was mailed at the Court's direction to all settlement class members whose names and last known addresses were reasonably available. In addition, all notices that were returned by the U.S. Postal Service with a "forwarding order expired" sticker were re-mailed to updated addresses via a social security number check. The Court further finds that the timing of the dissemination of the individual notice at least sixty (60) days prior to the Fairness Hearing comports with due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.

13. The Court has had the benefit of the evidence and argument presented by counsel for USS and class counsel. These presentations as well as a review of all the pleadings, relevant motions, and briefs, have enabled the Court to evaluate the strength of the plaintiffs' claims, the propriety of class certification and the value of the settlement.

14. The Settlement proposed by the parties is fair, adequate, and reasonable and it deserves final approval. It provides immediate benefits to all class members, including significant monetary relief.

15. The Agreement will fund up to $580,000.00 of approved claims (less administrative expenses of $25,000.00) to eligible class members, which sum shall be paid as non-wage damages. The mechanisms for the distribution of payment for these approved claims is fair and reasonable.

16. Class counsel will be awarded $500,000.00 as compensation for their services in the prosecution and settlement of this action, which sum will be paid by USS separately from the fund identified in Paragraph 15 above.

17. The terms of the Agreement are favorable to the settlement class. The parties have presented evidence to the Court which demonstrates that the settlement class members have obtained fair, adequate, and reasonable relief under the Agreement. USS will or has implemented a new validated hiring process at an estimated cost of over $500,000,00. The response of the settlement class to the settlement has been overwhelmingly favorable.

18. The Settlement was a product of arms length negotiations subsequent to Court approved mediation. The Court was informed that the settlement discussions

were adversarial in nature and hard fought on both sides.

19. The Settlement avoids complex, expensive, and prolonged litigation which could disadvantage any of the parties and the Court. It is possible that, absent a settlement, individual class members could face the risk of receiving zero compensation as a result of USS's prevailing on its affirmative defenses at trial.

20. The Settlement is supported by discovery which has been thorough in this case. Class counsel has taken numerous depositions, thousands of pages of documents have been produced, numerous expert witnesses have been utilized, and an extensive database has been produced and analyzed by experts for both the plaintiffs and defendant. Class counsel and counsel for USS are aware of the strengths and weaknesses of the claims and defenses in this case. The Settlement reflects a mutually negotiated and satisfactory compromise over such competing legal assessments and related uncertainties as to the results in continuing with the litigation process. This Court specifically finds the settlement to be fair, reasonable and adequate.

**THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court confirms certification of the settlement class defined in Paragraph II (6) of the Agreement as follows:

> All females: (1) who applied via RTI's USS website for employment as a Utility Person or Utility Technician at USS's Fairfield Works from March 3, 2004 to February 29, 2008; (2) who did not voluntarily withdraw that application; (3) who subsequent to making that application for employment at USS were not hired or offered employment by USS at USS's Fairfield Works as a Utility Person or Utility Technician; (4) who have been legally authorized to work in the United States at all times since making that application; (5) who have

been ready, willing and able to work at all times since making that application; (6) who at the time of making that application had one year of industrial experience as described in the Claim Form attached as Exhibit 1 to the Settlement Agreement; (7) who have not filed for bankruptcy since making that application; and (8) who have not been in prison and unable to work since making that application. Class members shall further include the heirs, executors, administrators, representatives, agents and assigns of any such persons.

2. The certification of this proceeding as a class action pursuant to Rule 23(b)(3) Federal Rules of Civil Procedures is affirmed.

3. Linda Smith, as named plaintiff, as well as Heather McGuffie, Arleen Thomas, Christy Warren, Angela Farmer, Jamie Allen, Teresa Davis, Lucie Johnson, Ginger Beasley, Annette Pack, Odora Beckwood, Phyllis Andrews and Ann Shaw, have fairly and adequately represented and protected the interest of the settlement class.

4. The method of identifying settlement class members, as well as the timing, method, content and form of the individual notice given to the settlement class members, and the dissemination thereof, satisfy the requirements of both Rule 23 of the Federal Rules of Civil Procedure and due process. A list of the non-excluded class members bound by this final judgment is attached hereto as Exhibit A.

5. The Settlement set forth in the Agreement is, in all respects, fair, reasonable, adequate, and just to the settlement class members, and is finally approved. Judgment as set forth herein is entered thereon and the parties are directed to perform and carry out their respective obligations under the Agreement as approved by in this memorandum opinion and the separately entered Final Order and Judgment and otherwise consistently therewith.

6. Named plaintiffs release USS, together with its past and present divisions, subsidiaries, parent corporations, stockholders, partners, directors, officers, agents, employees, attorneys, representatives, instrumentalities, assignors, assignees, transferors and affiliates from any and all claims, rights, actions, suits, causes of action, demands, matters and issues of every nature and description (whether class, individual, derivative, or otherwise in nature) known or unknown, which have been asserted in the action, which could have been asserted in this action, or which arise out of or in any way relate to the subject matter of the action.

7. All non-excluded class members release any and all claims that they may have against USS that were asserted in or could have been asserted in the lawsuit.

8. All claims asserted in this action against USS are dismissed on the merits and with prejudice. Named plaintiffs and all non-excluded class members are permanently enjoined from bringing or prosecuting any claim or action which they released under paragraphs 6 or 7 above.

9. The Court retains continuing jurisdiction over: (a) all matters and issues related to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement, this memorandum opinion, and the Final Order and Judgment; and (b) all parties to this action, including all non-excluded class members, for the purpose of enforcing and administering the Settlement, this memorandum opinion, and the Final Order and Judgment.

10. The Court finds and determines that USS shall implement the new hiring process as described in the attachment to the Agreement.

11. The terms of the Agreement, this memorandum opinion, and the Final

Order and Judgment cannot be modified absent a written court order.

**DONE** and **ORDERED** this the 2nd day of March, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge